**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KRISTI C. OLIVAS,

Plaintiff,

vs.

RECONTRUST COMPANY, MORTGAGE ELECTRONIC CORPORATION SERVICES, INC. (MERS),

Defendants.

CASE NO. 10cv0725-LAB (AJB)

**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On August 12, Plaintiff filed an *ex parte* application seeking a temporary restraining order forbidding a trustee's sale of real property. A notice of *lis pendens* has already been issued, but Plaintiff represents that Defendants have scheduled a foreclosure sale for August 20.

Fed. R. Civ. P. 65 governs the issuance of temporary restraining orders and preliminary injunctions. The standard for relief applicable to a temporary restraining order is the same as for a preliminary injunction. *San Luis & Delta-Mendota Water Authority v. Salazar*, 693 F. Supp. 2d 1145, 1149 (E.D.Cal., 2010). The standard for issuance of either a temporary restraining order or preliminary injunction is set forth in *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). A temporary restraining order is an extraordinary remedy. *Winter*, 129 S.Ct. at 376. Applying these standards, it is clear Plaintiff is not

entitled to either a temporary restraining order or preliminary injunction based on her pleadings.

Plaintiff agrees she entered into a deed of trust, and has attached it as Exhibit 1. She also attaches a notice of default and of election to sell the property as Exhibit 4. In both the docketed copy of the application, and the courtesy copy sent to chambers, no other exhibits are attached. The hand-numbered exhibits jump from page 15 (the last page of Exhibit 1) to page 24 (the first page of Exhibit 4), apparently omitting Exhibits 2 and 3.

Plaintiff first argues that the deed of trust which would allow her property to be sold violates the Contract Clause of Article I, section 10 of the U.S. Constitution. This argument is frivolous.

Plaintiff next challenges Defendants' "standing" to foreclose. Her argument is not entirely clear, but she appears to be arguing that the terms of the deed of trust don't permit Defendants to foreclose non-judicially by means of a sale. But paragraph 22 of the deed of trust specifically provides for foreclosure sale in the event of default.

In the same section, Plaintiff demands

> that the defendant claiming right of enforcement be in possession and produce the Note and Deed of Trust in their present form with the allonge, for inspection before me and this honorable court[.]

(*Ex Parte* App., 3:19–21.) This is really a demand to the opposing party, and as such does not belong in a pleading addressed to the Court. But even construing it as an argument, it fails. "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." *Clark v. Countrywide Home Loans, Inc.*, 2010 WL 3154119 at *2 (E.D.Cal., Aug. 9, 2010) (citing cases).

Plaintiff then represents that Defendants never had an express or implied contract with her. Even assuming this is true, it is irrelevant because non-judicial foreclosure is being initiated under a deed of trust, by entities Plaintiff describes as agents for the beneficiary, *i.e.*, the lender.

Plaintiff next argues that the notice of default and election to sell, which she has attached as Exhibit 4, can only properly be filed by the trustee or a substitute trustee. She

argues that because Recontrust, N.A. is acting as "agent for the Beneficiary" it had no authority to file the notice. This is incorrect. "California Civil Code § 2924 does not require that the trustee file the Notice of Default, but permits any of the beneficiary's authorized agents to do so." *Chen v. PMC Bancorp*, 2010 WL 596421, slip op. at *3 (S.D.Cal., Feb. 16, 2010). *See* Cal. Civ. Code § 2924(a)(1) (requiring that the notice of default be filed by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents"). Plaintiff also appears to question Defendants' status as agents for the beneficiary, referring to the third paragraph on page 2 of "Exhibit 3." There is, however, no Exhibit 3 attached to the application.

Finally, Plaintiff argues she has a due process right to a judicial foreclosure because the deed of trust is unenforceable. She has not, however, explained why the deed would be unenforceable or pointed to any evidence leading to the conclusion that the deed of trust is unenforceable.

The temporary restraining order is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: August 11, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge